# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE AUSTIN,<br><br>    Plaintiff,<br><br>        v.<br><br>CONELIUS FLUNORY, GUARANTEED EXPRESS INCORPORATED, RYDER SYSTEM, INC., and RYDER TRUCK RENTAL, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 3:16-CV-01910<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Complaint filed by Plaintiff Jesse Austin. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### **I. Background**

Plaintiff commenced this action on September 20, 2016. Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 "since the amount in controversy exceeds a sum or value of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, and is between a citizen and a party of different states." (Compl. ¶ 1.) Plaintiff is alleged to be an "individual currently residing at 319 1/2 11th Street, Honesdale, Pennsylvania 18431." (*Id*. ¶ 2.) Defendant Conelius Flunory is alleged to be an "individual currently residing at 15 Mother Gaston Boulevard, Brooklyn, New York 11233." (*Id.* ¶ 3.) Defendant Guaranteed Express Incorporated is alleged to be a "California corporation or

other jural entity with a principal place of business located at 652 North King Road, San Jose, California, 95133." (*Id.* ¶ 4.) Finally, Defendants Ryder System, Inc. and Ryder Truck Rental, Inc. are alleged to each be a "Florida corporation or other jural entity with a principal place of business located at 11690 NW 105th Street, Miami, Florida 33178." (*Id.* ¶¶ 5-6.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular

instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

## A.     Citizenship of Plaintiff

The Complaint fails to adequately allege the citizenship of Plaintiff Austin. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that Austin is "currently residing" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly plead diversity, Plaintiff must allege his state of citizenship, not merely his state of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists. The fact that Plaintiff alleges in paragraph one of the Complaint that the suit is "between a citizen and a party of different states" does not cure the defect. To contend that one is a "party" of a particular state alleges nothing about that party's citizenship. Just as one can reside in a

particular state and be domiciled in another, so too can an individual be a "party" of a state and a citizen of another.

B.   **Citizenship of Defendant Flunory**

Plaintiff also fails to correctly plead the citizenship of Defendant Flunory. As explained above, the state in which a party currently resides is not necessarily the state in which that party is domiciled. *See Krasnov*, 465 F.2d at 1300. To properly plead diversity, Plaintiff must allege the citizenship of Flunory, not merely his state of residence. Because the Complaint does not contain Flunory's state of citizenship, the Court cannot determine whether there is proper jurisdiction over this action.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists. Plaintiff will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.


September 26, 2016                                  /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge